IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DESTINY MIRELES, individually and on behalf of all others similarly situated | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO.  4:18-cv-4846 |
| V. | § § | FLSA COLLECTIVE ACTION |
| HOOTERS OF AMERICA, LLC and TW RESTAURANT HOLDER LLC D/B/A HOOTERS | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## COLLECTIVE ACTION COMPLAINT

1.     Plaintiff Destiny Mireles brings this suit under the Fair Labor Standards Act ("FLSA") to recover minimum and overtime wages from Hooters of America, LLC and Restaurant Holder LLC d/b/a Hooters ("Defendants").  *See* 29 U.S.C. §§ 206(a), 207(a). and 216(b).  Plaintiff brings claims on behalf of herself and a collective of Defendants' current and former waitresses and bartenders.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction because the claims arise under the FLSA.

3.     Venue is proper in the United States District Court for the Southern District of Texas – Houston Division because Defendants reside within this District and Division.  *See* 28 U.S.C. § 1391(b)(1).

## PARTIES

4.     Plaintiff is an individual residing in Baytown, Texas.

5.     Defendants are foreign limited liability companies.

6.     Defendants may be served through their registered agent for service, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136

**FLSA COVERAGE**

7.      Throughout the three-year period immediately preceding the filing of this lawsuit and continuing thereafter ("the Claims Period"), Defendants employed two or more employees and had annual revenue of at least $500,000.

8.      Throughout the Claims Period, Defendants were single and joint enterprises engaged in commerce or in the production of goods for commerce.

9.      Throughout the Claims Period, Defendants had employees engaged in commerce or in the production of goods for commerce, and Defendants had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

10.      During the relevant timeframe, Defendants were individual and joint employers of Plaintiff and all similarly-situated waitresses and bartenders ("the Hooters Girls"[1]), and the Hooters Girls were engaged in interstate commerce or in the production of goods for commerce.

11.      During the relevant timeframe, the Hooters Girls were Defendants' employees, and Defendants individually and jointly employed the Hooters Girls.

**FACTUAL ALLEGATIONS**

12.      Plaintiff worked for Defendants as a Hooters Girl from June 24, 2018 until December 4, 2018 at its restaurant located in Baytown, Texas.  The Hooters Girls worked for Defendants during the Claims Period at Hooters restaurants throughout the country.  Although the Hooters Girls worked at different restaurants, they were all subjected to the same general policies and practices in violation of the FLSA.

13.      According to job postings from Defendants, a Hooters Girl is an "exclusive position, reserved only for those who are entertaining, goal oriented, glamorous, and charismatic."

---

[1] Defendants use the term, "Hooters Girls," in reference to their waitresses and bartenders.  Defendants use this term in their job descriptions, advertisements, and internal employment policies and guidelines.

Defendants explain that the ideal "Hooters Girl is approachable, upbeat, and attentive to the needs of the guests as she socially engages with and entertains each individual guest at the front door and on the floor."  Among other job-requirements, Defendants require its Hooters Girls to have "glamorous hair, camera ready make-up, and [a] a fit body."

14.    While Defendants expect a lot from their Hooters Girls, Defendants maintain several illegal policies and practices that deprive the Hooters Girls of minimum and overtime wages under the FLSA.

15.    Thus, despite the fact that the Hooters Girls regularly worked non-overtime and overtime hours for Defendants, Defendants did not properly compensate the Hooters Girls for such hours, as explained below.

**Improper Tip Credit**

16.    The FLSA sets the federal minimum wage at $7.25 an hour.

17.    The FLSA contains an exception that permits employers to pay less than the general minimum age—$2.13 an hour—to a "tipped employee," as long as the employee's actual tips are sufficient to make up the difference between the $2.13 minimum wage and $7.25 minimum wage. *See* 29 U.S.C §203(m).[2]  This employer discount is commonly referred to as a "tip credit."

18.    An employer may not use the tip credit exception if the employee is actually paid less than $2.13 an hour.  Under such circumstances, the employer owes the employee the general minimum wage of $7.25 an hour.

19.    To claim the tip credit against an employee, the employer must also prove that it provided that employee with notice of the following facts:

a.    The amount of cash wage the employer is paying a tipped employee, which must

---

[2] A "tipped employee" is "any employee engaged in an occupation in which he customarily receives more than $30 a month in tips."  *See* 29 U.S.C. § 203(t).

be at least $2.13 an hour;

    b. The additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required cash wage of $2.13 and the current minimum wage of $7.25);

    c. That the tip credit of $5.12 cannot exceed the amount of tips actually received by the tipped employee;

    d. That all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

    e. That the tip credit not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

20. In addition to providing this notice, the employer must abide by the tip-credit requirements and prove that all of the requirements have been satisfied. For example, the employer must prove that it allowed the employee to retain all tips, with the limited exception of a valid tip-pooling arrangement in which only customarily tipped employees share in a portion of the collected tips. As another example, the employer must prove that it paid the employee at least $2.13 per hour and that the employee's actual tips exceeded $5.12 per hour.

21. In this case, Defendants failed to pay the Hooters Girls the federal minimum wage of at least $7.25 an hour, and Defendants cannot rely on the tip-credit exception because they failed to provide proper tip-credit notice and they failed to abide by the tip-credit requirements.

22. Accordingly, Defendants violated the FLSA's minimum-wage and overtime-pay requirements by failing to compensate the Hooters Girls at least $7.25 per non-overtime hour and at least $10.88 per overtime hour in accordance with the FLSA.

## Duties Unrelated to Waitress Tip-Production

23.     The Hooters Girls regularly performed tasks that are not "related" to waitress tip-production.  Such job duties include but are not limited to attending pre-shift Jump Start meetings, spending substantial time conversing with customers about topics unrelated to Defendants' food and beverage offerings or local attractions, and spending substantial time waiting for managers to reconcile their sales receipts and tips towards the end of each shift.

24.     These tasks are not listed as Waitress Tasks on the O*Net Online database.  Thus, according to the United States Department of Labor, Defendants cannot claim a tip-credit for the time spent performing these tasks.

25.     Accordingly, Defendants violated the FLSA's minimum-wage and overtime-pay requirements by failing to compensate the Hooters Girls for time spent performing such job duties at a rate of least $7.25 per non-overtime hour and at least $10.88 per overtime hour in accordance with the FLSA.

## Off-The-Clock Work

26.     Defendants regularly required the Hooters Girls to arrive at work at or before their scheduled shift times, but Defendants frequently prohibited them from clocking into the timekeeping system until several minutes later, sometimes as long as an hour or more later.

27.     Similarly, at the end of their shifts, the Hooters Girls were often forced to wait, while off the clock, for extended periods of time before they were permitted to leave the restaurant.

28.     These off-the-clock periods constitute compensable work time under the FLSA.

29.     Defendants knew or should have known about these off-the-clock periods.

30.     Defendants violated the FLSA's minimum-wage and overtime-pay requirements by failing to compensate the Hooters Girls for these off-the-clock periods in accordance with the FLSA.

## COLLECTIVE DEFINITION

31.     Given the fact that Defendants' violations stem from common practices and affect several hundred employees in the same or similar manner, Plaintiff seeks conditional certification and permission to send court-approved notice to the following individuals:

> All Hooters Girls who were paid less than $7.25 per non-overtime hour and less than $10.88 per overtime hour during one or more weeks at any point from January 1, 2016 to the present.

32.     Plaintiff reserves the right to expand or narrow this proposed collective definition.

## DAMAGES

33.     Defendants owe the Hooters Girls a minimum wage of at least $7.25 for each non-overtime hour worked during the Claims Period and an overtime wage of at least $10.88 for each overtime hour worked during the Claims Period.

34.     Defendants owe the Hooters Girls liquidated damages in the same amount as the minimum wages and overtime wages they owe them.

35.     Defendants are also responsible for paying attorneys' fees and costs associated with prosecuting this lawsuit.

36.     Defendants are jointly and severally liable for the unpaid minimum wages, overtime wages, liquidated damages, attorneys' fees, costs, and interest.

## WILLFUL VIOLATION

37.     Defendants willfully violated the FLSA.  Defendants either knew they were violating the FLSA's minimum wage and overtime provisions or Defendants recklessly disregarded their obligations to comply with the FLSA' minimum wage and overtime provisions.

## JURY TRIAL DEMANDED

38.     Plaintiff demands a jury trial on all liability and damages issues on behalf of herself and all subsequent plaintiffs in this lawsuit.

## PRAYER FOR RELIEF

Plaintiff Destiny Mireles demands a judgment for herself and all similarly-situated individuals against Defendants Hooters of America, LLC and Restaurant Holder LLC d/b/a Hooters, jointly and severally, for the following:

a. Unpaid minimum wages;

b. Unpaid overtime wages;

c. Liquidated damages in the same amount as the unpaid minimum and overtime wages;

d. Prejudgment interest in the event liquidated damages are not awarded;

e. Attorneys' fees and costs incurred in prosecuting this lawsuit;

f. Post-judgment interest on all amounts awarded at the highest rate allowable by law; and

g. All other relief the Court finds proper, whether at law or in equity.

Respectfully submitted,

THE CLIFFORD LAW FIRM, PLLC


By:      s/ Dennis A. Clifford
         Dennis A. Clifford
         Tex. Bar No. 24050431
         S.D. Tex. No. 611330
         712 Main Street, Suite 900
         Houston, TX 77002
         713-999-1833 – Telephone
         866-232-0999 – Facsimile
         dennis@cliffordemploymentlaw.com

         ATTORNEY-IN-CHARGE FOR ALL NAMED AND
         OPT-IN PLAINTIFFS